UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TYRANE LEE WHITE,

    Plaintiff,

v.

MIN HLAING,

    Defendant.

No. 2:19-cv-0462-EFB P

ORDER

Plaintiff, a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983, has filed an application for leave to proceed in forma pauperis.

Application to Proceed In Forma Pauperis

Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

Screening Order

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

1

"frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

Moreover, the Prison Litigation Reform Act of 1995 provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). This requirement is mandatory and unequivocal. *Booth v. Churner*, 532 U.S. 731, 741 (2001); *McKinney v. Carey*, 311 F.3d 1198, 1200 (9th Cir. 2002) ("Congress could have written a statute making exhaustion a precondition to judgment, but it did not. The actual statue makes exhaustion a precondition to *suit*."). Therefore, a prisoner must exhaust available administrative remedies before filing any papers in federal court and is not entitled to a stay of judicial proceedings in order to exhaust. *Vaden v. Summerhill*, 449 F.3d 1047, 1051 (9th Cir. 2006); *McKinney*, 311 F.3d 1198.

California prisoners may appeal "any policy, decision, action, condition, or omission" that the inmate can demonstrate "as having an adverse effect upon his or her welfare." Cal. Code Regs. tit. 15, § 3084.1(a). The grievance process, as defined by California regulations, has three levels of review to address an inmate's claims, subject to certain exceptions. *See* Cal. Code Regs. tit. 15, § 3084.7. Administrative remedies generally are exhausted once a plaintiff has received a "Director's Level Decision," or third level review, with respect to his issues or claims. *Id.*, § 3084.1(b).

Here, plaintiff alleges that he is being denied medication for herpes outbreaks because the defendant denies that plaintiff has the herpes virus. ECF No. 1 at 3. Plaintiff acknowledges that there is a grievance procedure available to him and that he has filed a grievance concerning the facts relating to his complaint. *Id.* at 3, 4. However, he concedes that the grievance process has not been completed because he has not appealed his request for relief to the highest level. *Id.* Plaintiff essentially alleges that doing so would be futile because the defendant "will keep on doing false lab/blood draw[s with] fabricated results to stop medication treatment." *Id.* at 4. Thus, it appears from the face of plaintiff's complaint that he has prematurely filed suit. *See Booth*, 532 US at 741 n. 6 (stating courts should not read "futility or other exceptions" into

2

§ 1997e(a)); *Porter v. Nussle*, 534 U.S. 516, 524 (2002) ("Even when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit."); *id.* ("All 'available' remedies must . . . be exhausted; those remedies need not meet federal standards, nor must they be 'plain, speedy, and effective.'")

Therefore, plaintiff will be required to show cause why this case should not be dismissed, without prejudice, for failure to exhaust administrative remedies prior to filing suit. *See Wyatt v. Terhune*, 315 F.3d 1108, 1120 (9th Cir. 2003) (prisoner's concession to nonexhaustion is valid ground for dismissal of an action, so long as no exception applies), *overruled on other grounds by Albino v. Baca*, 747 F.3d 1162 (9th Cir. 2014) (*en banc*).

Accordingly, IT IS HEREBY ORDERED

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is granted.
2. Plaintiff shall pay the statutory filing fee of $350. All payments shall be collected in accordance with the notice to the California Department of Corrections and Rehabilitation filed concurrently herewith
3. Plaintiff shall file a response to this order within 30 days, showing cause as to why this case should not be dismissed for his failure to exhaust administrative remedies before filing suit. Failure to respond to this order will result in a recommendation of dismissal.

DATED: April 29, 2019.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE